SERVICE COPY

MANSFIELD MUNICIPAL COURT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| **RONALD MILLER**<br>851 Danwood Ave<br>Mansfield, OH 44907<br><br>Plaintiff,<br><br>v.<br><br>**MIDLAND FUNDING LLC**<br>c/o Csc-Lawyers Incorporating Service<br>(Corporation Service Company)<br>50 W. Broad St., Ste. 1800<br>Columbus, OH 43215,<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br>c/o Csc-Lawyers Incorporating Service<br>(Corporation Service Company)<br>50 W. Broad St., Ste. 1800<br>Columbus, OH 43215,<br><br>Defendants. | Case No.: 20\1CVE 0001B<br><br>JUDGE:<br><br>Magistrate:<br><br>COMPLAINT |

* * *

## I. Parties

1. Plaintiff Ronald Miller ("Mr. Miller") is a natural person residing in Richland County, Ohio.

2. Defendant Midland Funding LLC ("MFL") is a limited liability company organized under the laws of the State of Delaware. At all times relevant, MFL used the name "Midland Funding DE LLC".

3. MFL regularly sends mail to Ohio residents to attempt to collect debts.

4. MFL regularly utilizes Ohio courts to attempt to collect debts.

5. MFL regularly attempts to collect debts which MFL acquires or claims it acquires after default.

6. At all times relevant to this case, MFL was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

7. Defendant Midland Credit Management Inc. ("MCM") is a corporation organized under the laws of the State of Kansas.

8. At all times relevant, MCM maintained a registered statutory agent with an address in Ohio, with the Ohio Secretary of State.

9. MCM regularly attempts to collect the debts of another.

10. At all times relevant to this case, MCM was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

11. Upon information and belief, at all times relevant, MCM and MFL were commonly owned.

12. Upon information and belief, at all times relevant, MCM and MFL were engaged in a joint venture, the purpose of which was to collect debts.

13. Upon information and belief, at all times relevant, MCM and MFL were actual or apparent agents for one another.

## II. Factual Allegations

14. Prior to January 2010, Mr. Miller had a credit card account which ended with "1167". According to MFL, this account was in default as of January 25, 2010 (the "Alleged Debt").

15. The Alleged Debt was incurred for Mr. Miller's personal, family and household use.

16. On January 25, 2010, MFL filed a civil law suit against Mr. Miller to collect the Alleged Debt in the Mansfield Municipal Court in Richland County, Ohio, assigned case number 2010 CVH 00202 (the "Collection Suit").

17. MFL claimed in the Collection Suit that MFL acquired the Alleged Debt.

18. Upon information and belief, as of January 25, 2010, MFL had not acquired the Alleged Debt.

19. In the Collection Suit, MFL claimed that it was "there is presently due the Plaintiff from the Defendant(s) for the money loaned / money paid out on Defendant's(') credit card, the sum of $3,256.08."

20. Upon information and belief, as of January 25, 2010, there was not due MFL from Mr. Miller the sum of $3,256.08 on the Alleged Debt.

21. Mr. Miller hired legal counsel to defend him in the Collection Suit.

22. After Mr. Miller's attorneys responded to the Collection Suit complaint, MFL dismissed the Collection Suit.

23. During June of 2010, MCM reported information about the Alleged Debt to two major credit reporting agencies, Transunion and Experian. These reports included statements by MCM that Mr. Miller owed $3,460 on the Alleged Debt.

24. Upon information and belief, during June 2010, Mr. Miller did not owe $3,460 on the Alleged Debt.

25. As a result of MFL's and MCM's actions, Mr. Miller has suffered actual damages, including but not limited to, legal expenses for defending against the Collection Suit, stress, frustration, and aggravation.

### III. Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

26. Plaintiff incorporates by reference all of the above allegations.

27. The actions of MFL and MCM were deceptive and unfair.

28. As a result of the above violations of the FDCPA, Mr. Miller suffered actual damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against MFL and MCM, jointly and severally, for the following:

A. Actual damages as determined by the trier of fact.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Court costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ (0084723) per consent
Gregory S. Reichenbach (0077876)
P.O. Box 256
Bluffton, OH 45817
(419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com

/s/
Jeffrey Stiffler (0084723)
David C. Badnell CO LPA
21 N Walnut St
Mansfield, OH 44902
(419) 525-0800
FAX: (419) 525-0804
Email: jrs@davidbadnell.com

Attorneys for Plaintiff

4