**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Ronald Miller, | ) | Case No. 1:11-cv-00243 PAG |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Patricia A. Gaughan |
| v. | ) | |
| | ) | |
| Midland Funding LLC, et al., | ) | **ANSWER OF MIDLAND FUNDING** |
| | ) | **LLC** |
| Defendants. | ) | |

For its Answer to the Complaint, Midland Funding LLC ("MF") states as follows:

1. MF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2. MF admits the allegations set forth in Paragraph 2 of the Complaint.

3. MF denies the allegations set forth in Paragraph 3 of the Complaint.

4. MF admits the allegations set forth in Paragraph 4 of the Complaint.

5. MF denies the allegations set forth in Paragraph 5 of the Complaint.

6. MF denies the allegations set forth in Paragraph 6 of the Complaint.

7. MF admits the allegations set forth in Paragraph 7 of the Complaint.

8. MF admits the allegations set forth in Paragraph 8 of the Complaint.

9. MF admits the allegations set forth in Paragraph 9 of the Complaint.

10. MF admits that if the debt at issue in the Complaint was incurred by Plaintiff for personal, family or household use, then MCM would be defined as a "debt collector". Further

answering, MF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11. MF admits it is a wholly owned subsidiary of various entities that are in turn wholly owned by Encore Capital Group, Inc. ("Encore") and that Midland Credit Management, Inc. ("MCM") is a wholly owned subsidiary of Encore. Further answering, MF denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. MF denies the allegations set forth in Paragraph 12 of the Complaint.

13. MF denies the allegations set forth in Paragraph 13 of the Complaint.

14. MF admits that Plaintiff had a credit card account which ended with "1167." MF admits that said account was in default as of January 25, 2010 and prior to that date.

15. MF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16. MF admits that on January 25, 2010, a law firm filed a civil lawsuit on behalf of MF against Plaintiff to collect a debt in the Mansfield Municipal Court in Richland County, Ohio, assigned case number 2010 CVH 00202.

17. MF admits the allegations set forth in Paragraph 17 of the Complaint.

18. MF denies the allegations set forth in Paragraph 18 of the Complaint.

19. MF states that the collections complaint speaks for itself.

20. MF denies the allegations set forth in Paragraph 20 of the Complaint.

21. MF admits the allegations set forth in Paragraph 21 of the Complaint.

22. MF admits that the lawsuit filed on MF's behalf was dismissed without prejudice on March 16, 2010 and subsequent to Plaintiff's attorneys making an appearance in the

collections case. Further answering, MF denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. MF admits that MCM reported to TransUnion and Experian in June, 2010 that Plaintiff owed $3,460.10 on the debt at issue.

24. MF denies the allegations set forth in Paragraph 24 of the Complaint.

25. MF denies the allegations set forth in Paragraph 25 of the Complaint.

26. MF reasserts and incorporates the responses set forth above in Paragraphs 1 through 25.

27. MF denies the allegations set forth in Paragraph 27 of the Complaint.

28. MF denies the allegations set forth in Paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

29. The Amended Complaint fails to state any claims against MF upon which this Court may grant relief.

30. Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of his own acts, omissions, negligence, fault and/or breach.

31. Plaintiff's claims are barred by the doctrine(s) of assumption of the risk, estoppel, waiver, release, fraud, unclean hands, and/or laches.

32. Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of the acts, omissions, negligence, fault or breach of persons and/or parties other than MF that caused or contributed to cause all, or a portion, of the claimed damages or liability, barring recovery or liability against MF in whole or in part.

33. Plaintiff's injuries and/or expenses, if any were caused solely by the superseding, intervening acts and conduct of Plaintiff and/or other persons or parties, which intervened

between the alleged acts and conduct of MF and the claimed damages or liability, barring recovery or liability against MF in whole or in part.

34. Plaintiff's claims of damages or liability are barred in whole or in part by his failure to mitigate such damages.

35. Plaintiff's claims of damages or liability are barred in whole or in part by the limitations imposed by law as to the recovery of such damages.

36. Plaintiff's claims of damages or liability are the result of the fraudulent or wrongful actions or omission of persons or parties other than MF, over whom MF had no authority or control.

37. Plaintiff's claims of damages or liability are barred in whole or in part by the applicable statutes of limitation, statutes of repose and other statutes relevant to the limitation of actions.

38. Plaintiff's claims of damages or liability are barred in whole or in part by the doctrines of ratification, consent and acquiescence.

39. If there was a violation of the FDCPA, none being admitted, it was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

40. MF specifically asserts by this reference all statutory limitations and defenses to liability and damages afforded to MF under the FDCPA.

41. If there was a violation of the FDCPA, none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations thereof.

42.     Any claimed damages are subject to setoff or credit under law and equity or on other applicable grounds.

43.     MF reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

NOW WHEREFORE, Defendant Midland Funding LLC requests that Plaintiff's Complaint be dismissed with prejudice at his cost, and that Defendant Midland Funding LLC be granted their attorneys fees and any appropriate legal and equitable relief to which they may be entitled.

Respectfully submitted,

*/s/ Brooke Turner Bautista*
James S. Wertheim (0029464)
Brooke Turner-Bautista (0072364)
**McGlinchey Stafford PLLC**
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone:  (216) 378-9905
Facsimile:  (216) 378-9910
jswertheim@mcglinchey.com
bbautista@mcglinchey.com

*Attorneys for Defendants*
*Midland Funding LLC and Midland Credit Management, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Answer* was filed this 3rd day of February, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system.

>
> */s/ Brooke Turner Bautista*
> Brooke Turner Bautista